UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VENUS SANCHEZ on behalf of herself, all
others similarly situated, and the Proposed
New York Rule 23 Class,

       Plaintiff,

  -v-                                          No. 15 CV 03787-LTS

HUNT'S POINT TRIANGLE, INC.,
WILLIAM HANGAN, JOHN DOE and
JANE DOE,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiff Venus Sanchez ("Sanchez") brings this action on behalf of herself and similarly situated current and former employees (the "Covered Employees"), against Hunt's Point Triangle, Inc. ("Hunt's Point"), William Hangan ("Hangan"), John Doe, and Jane Doe (collectively "Defendants"), asserting claims for failure to pay minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law §§ 650, 190 et seq. ("NYLL"), and New York Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 146-1.6, and for requiring kickbacks and failure to pay the required spread of hours payment under NYLL. Plaintiff also seeks conditional certification of her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) and certification of a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff moves for default judgment against Defendants

pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket Entry No. 35.) The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

The Court has reviewed Plaintiff's unopposed submissions carefully. For the reasons stated below, the Court denies Plaintiff's motion for default judgment with respect to liability on her FLSA claims and dismisses the case with prejudice. Furthermore, the Court declines to exercise supplemental jurisdiction of the remaining state claims.

## BACKGROUND[1]

On or about January 2005, Plaintiff Venus Sanchez began working as an entertainer/exotic dancer at Hunt's Point, located in Bronx, New York. (Compl. ¶¶ 7, 20.) Defendants William Hangan, John Doe, and Jane Doe are the owners, directors, and/or officers of Hunt's Point. (Id. ¶ 13.) Defendants also engage in restaurant operations at Hunt's Point by serving food and beverages to their patrons. (Id. ¶ 30.) Sanchez estimates that Hunt's Point grossed at least $500,000 per year in revenue, and claims that Defendants operate in interstate commerce by selling liquor which has traveled across state lines. (Id. ¶¶ 15, 29.)

Sanchez worked at Hunt's Point from January 2005 until April 2013. (Id. ¶¶ 7, 20, 21.) Plaintiff alleges that she "and all others similarly situated, and members of the proposed New York Rule 23 Class have not been paid minimum wage by Defendants." (Id. ¶ 22.) Sanchez further asserts, "[t]his claim arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay for hours in excess of 40 hours a week to Plaintiff." (Id. ¶ 54.) Defendants also required Sanchez

---

[1] The facts recited herein are drawn from Plaintiff's Complaint ("Compl.") in this action. In light of Defendants' failure to respond to the Complaint, Plaintiff's well-pleaded factual allegations are accepted as true for purposes of this motion practice. See Fed. R. Civ. P. 8(b)(6); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."). Plaintiff also proffered affidavits regarding service and an affirmation in support of the motion that summarized the causes of action in the Complaint.

and Covered Employees to pay a "facilities use fee" of thirty dollars at the beginning of each shift and requested, demanded, and received a part of Plaintiff's wages and gratuities through fines and penalties for lateness and misconduct. (Id. ¶¶ 1, 23-25, 73.)

Sanchez filed the instant action on May 15, 2015. (See Compl., Docket Entry No. 1.) Sanchez served Hunt's Point with the Summons and Complaint on June 29, 2015 through New York's Secretary of State. (See Docket Entry No. 6.) Service was attempted on Hangan at the Hunt's Point address on June 6, 2015 and was returned unexecuted. (See Docket Entry No. 9.) The process server was informed by neighbors that the "Hunt's Point Triangle" enterprise was out of business. (See Docket Entry No. 37-1 at ECF page 11.) Plaintiff later mailed the summons to Hangan at the address for Hunt's Point. (See Docket Entry No. 24.) Defendants failed to make any formal appearance in this action or file any responsive pleading.

Plaintiff attempted to file a motion for default judgment on January 14, 2016, without leave of the Court. (See Docket Entry No. 10.) On May 24, 2016, the Court terminated the Motion for Default Judgment without prejudice and construed the motion as a notification to the Court of the Plaintiff's intention to seek a default judgment. (See Docket Entry No. 14.) On May 24, 2016, the Court stated that it accepted the initial motion as a statement of intent to seek judgment by default in favor of Plaintiff, individually, and that the following requirements applied to any renewed motion practice:

> [1] that Plaintiff's motion must be accompanied by evidence, in admissible form, of such facts as she would have proffered to meet her burden of proof on her direct case had a trial been held in this action and a memorandum of law . . . [2] that such motion for default judgment must be served on the defendants and must be accompanied by copies of the Clerk's Certificate and of proof of service of the summons and complaint and the motion for default judgment as provided by the undersigned's Individual Practice Rules . . . [3] that said motion shall be briefed in accordance with the schedule set forth in Local Civil Rule 6.1 and will be taken on submission unless otherwise directed by the Court; and . . . [4] Plaintiff must

serve a copy of this Order on defendants and file proof of such service within fourteen (14) days from the date hereof.

(Id.)

On October 18, 2016, the Court received Plaintiff's second motion for default judgment accompanied by an affirmation and exhibits, none of which addressed the merits of Plaintiff's claim. (See Docket Entry No. 22, 23.) The court again denied the motion without prejudice, directing Plaintiff to comply with the requirements set forth in the May 24, 2016 Order. (See Docket Entry No. 26.) In this later Order, the Court noted that the second motion for default judgment (Docket Entry No. 22) was not accompanied by any relevant evidence or memorandum of law as directed by the May 24, 2016 Order. (See Docket Entry No. 26.) Plaintiff was further directed to re-file any motion for default judgment by January 20, 2017 in accordance with the requirements set forth in the May 24, 2016 Order, and that failure to do so would result in dismissal of the case with prejudice. (Id.) Plaintiff filed a memorandum of law in support of default judgment (Docket Entry No. 27), and after a filing error (see Docket Entry No. 31) the Court granted an extension of time to re-file the motion. (Docket Entry No. 32.) The third and current motion for default judgment and associated memorandum of law were filed along with an attorney's affirmation in support of the motion and several documents relating to service as exhibits, on August 21, 2017. (See Docket Entry Nos. 35-37.)[2]

## DISCUSSION

When determining whether to grant a motion for default judgment, courts in this circuit consider three factors: "1) whether the defendant's default was willful; 2) whether

---

[2] The affirmation in support of the motion included a summary of the Plaintiff's causes of action and the exhibits included a clerk's certificate of default for Hunt's Point and affidavits of service and due diligence of service and photocopies of a certified mail receipt from the purported service by mail on Hangan. (See Docket Entry Nos. 36, 37-1.)

defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Const. Corp., No. 02-CV-9044-LTS-GWG, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of a lower court's grant of default judgment). Once the court determines that these factors favor the plaintiff, it must decide whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action asserted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] defendant's default does no more than concede the complaint's factual allegations." (citations omitted)). The Court accepts as true all of the factual allegations of the complaint, except those relating to damages. Au Bon Pain Corp., 653 F.2d at 65.

The FLSA minimum wage and overtime provisions apply to employees who are "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce . . . or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011) (alteration in original) (citation omitted); see also 29 U.S.C. §§ 206(a), 207(a). Under the FLSA, employees are to be paid a minimum wage, 29 U.S.C. § 206, and are entitled to a fifty percent premium over their regular wage for each hour over forty hours worked in a week, 29 U.S.C. § 207(a)(1).

Under the FLSA, an employee bears the burden of proving that she was not properly compensated for her work. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,

687 (1946) (superseded on other grounds). The employee can do so by obtaining and producing her employer's records. See id. However, when "the employer's records are inaccurate or inadequate" and "the employee cannot offer convincing substitutes," the employee can meet her burden of proof if she "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed . . . ." Id. If the employer fails to do so, "the court may then award damages to the employee, even though the result be only approximate." Id. at 688; see also Liu v. Jen Chu Fashion Corp., No. 00-CV-4221-RJH-AJP, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004) ("[I]n the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct."). However, the Second Circuit has held that some specificity is required in the complaint and that a plaintiff must "do more than repeat the language of the statute." DeJesus v. HF Mgmt. Servs., LLC, 726 F. 3d 85, 89 (2d Cir. 2013).

Despite the Court order to provide evidence along with the motion for default judgment, Sanchez relies only on the conclusory allegations and recitals of the elements of the statutory claims in her Complaint to support her motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Aminov v. EC Commodities Corp., 16-CV-4800-AMD-SMG, 2017 U.S. Dist. LEXIS 106228, at *4 (E.D.N.Y. July 6, 2017), report and recommendation adopted, 2018 WL 542245 (Jan. 24, 2018) (applying Iqbal to a default motion). Sanchez requests judgment for failure to pay minimum and overtime wages but has not proffered any recollections, estimates, or evidence of the hours she worked or the wages she received. There is nothing from which the Court can draw a "just and reasonable inference" about the amount and extent of her work.

Therefore, the facts alleged in the Complaint do not plausibly demonstrate a violation of FLSA. See Anderson, 328 U.S. at 687.

The Court has provided Plaintiff ample opportunity to document adequately her motion for default judgment. The motion now before the Court is Plaintiff's third attempt to comply with the procedural and substantive requirements as mandated by rule and court orders. (See Docket Entry No. 35.) Despite the Court's instruction, Plaintiff only proffered evidence related to service, but failed to proffer facts sufficient to render plausible the conclusory allegations in the Complaint. (See Docket Entry No. 37-1.) Accordingly, the Court denies with prejudice Plaintiff's default judgment motion as to her federal claims.

Having dismissed Plaintiff's FLSA claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. 28 U.S.C. § 1367(c); See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003) ("In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage."). Plaintiff's request for certification of a class pursuant to Federal Rule of Civil Procedure 23 is denied.

## Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is denied, her federal claims are dismissed with prejudice, her motion for class certification is denied, and the

Court declines to exercise supplemental jurisdiction of the state law claims.  The Clerk of Court is hereby directed to enter judgment accordingly and close the case.

This order resolves Docket Entry No. 35.

SO ORDERED.

Dated: New York, New York
March 1, 2018

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge